**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COMMERCIAL UNION INSURANCE COMPANY,** Petitioner | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 03-189-T** |
| **DEAN PESANTE,** Respondent | ) | |

**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT**

NOW COME the parties in the above captioned matter, by and through their undersigned attorneys, and jointly move for entry of Final Judgment. In support of this motion the parties respectfully state that, based on this Honorable Court's decision of the Petitioner's Motion for Summary Judgment and the Respondent's Voluntary Dismissal of his Counterclaim, there are no factual matters to be resolved at trial and entry of Final Judgment is appropriate. In further support of this motion, the parties state the following:

1. On or about September 25, 2002, the Respondent Dean Pesante's vessel, the F/V OCEANA collided with a Boston Whaler at sea, resulting in claims of wrongful death and for personal injury against Pesante. Pesante, in turn, has made claim under his policy of insurance for coverage relating to those claims.

2. The applicable marine insurance policy, issued by Commercial Union, contains an express warranty limiting the commercial use of the vessel to lobstering. The policy specifically provides:

> It is hereby understood and agreed that the following warranties shall attach to this policy:

1. Warranted the only commercial use of the
insured vessel(s) shall be for lobstering.

3. Following the loss of September 25, 2002, for the first time, Commercial Union was informed that the F/V OCEANA was used exclusively for gill netting and has never been engaged in the lobster fishing.

4. On December 31, 2002, Commercial Union issued a denial of insurance coverage based on, *inter alia*, the alleged breach of the warranty that the only commercial use of the vessel would be for lobstering.

5. On or about May 16, 2003, Commercial Union filed its petition for Declaratory Judgment, seeking this Honorable Court's declaration that Pesante's claims are not covered by the policy of marine insurance because Pesante breached the express warranty that the covered vessel would be used only for lobstering.

6. On or about July 29, 2003, Pesante filed his Answer and Counterclaim.

7. On or about March 3, 2003, this Honorable Court denied Commercial Union's Motion for Summary Judgment because the F/V OCEANA was not engaged in gill netting when it collided with the Boston Whaler and there is no evidence of any causal connection between its gill netting activities and the loss.

8. There is no evidence that Pesante personally engaged in fraudulent misrepresentation (although such a claim of misrepresentation may lie against the insurance broker, Christopher & Reagan).

9. The parties have agreed to voluntary dismiss all claims contained in Pesante's Counterclaim.

Wherefore, the parties respectfully move this Honorable Court for entry of Final Judgment.

DEAN PESANTE
By his attorney,

Stephen T. Morrissey /wp

Stephen T. Morrissey RI Bar # 3316
57 Columbia Street
Wakefield, RI 02879
401-789-9400
401-783-1647 (f)

COMMERCIAL UNION INSURANCE CO
By its attorneys,

Seth S. Holbrook

Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
617-428-1151
617-443-1696 (f)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail ~~(by hand)~~ on 6-21-05

Seth S. Holbrook